**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

ROBERT MATHISON, SR.,

        Petitioner,

vs.

UNITED STATES OF AMERICA,

        Respondent.

No. C08-4020-MWB
(No. CR06-4030-5-MWB)

**MEMORANDUM OPINION AND**
**ORDER REGARDING**
**PETITIONER'S § 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I.  INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.  The Petitioner's Criminal Proceedings* . . . . . . . . . . . . . . . . . . . . . . . 2
    *B.  The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*II.  MOTION TO STRIKE* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*III.  EVIDENTIARY HEARING* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*IV.  LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A.  Drug Quantity in Indictment and PSIR* . . . . . . . . . . . . . . . . . . . . . 6
        *1.     Arguments of the parties* . . . . . . . . . . . . . . . . . . . . . . . . . 6
        *2.     Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *B.  Cross-Examination of Witnesses* . . . . . . . . . . . . . . . . . . . . . . . . 8
        *1.     Arguments of the parties* . . . . . . . . . . . . . . . . . . . . . . . . . 8
        *2.     Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    *C.  Consultation Concerning an Appeal* . . . . . . . . . . . . . . . . . . . . . 14
        *1.     Arguments of the parties* . . . . . . . . . . . . . . . . . . . . . . . . 14
        *2.     Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
    *D.  Factual Discrepancies in the PSIR* . . . . . . . . . . . . . . . . . . . . . 17
        *1.     Arguments of the parties* . . . . . . . . . . . . . . . . . . . . . . . . 17

        **2.**    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
    **E.**  *Behavior at Trial* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
        **1.**    *Arguments of the parties* . . . . . . . . . . . . . . . . . . . . . . 20
        **2.**    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
    **F.**  *Forfeiture of Assets* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
        **1.**    *Arguments of the Parties* . . . . . . . . . . . . . . . . . . . . . . 21
        **2.**    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

**V.**  **CERTIFICATE OF APPEALABILITY** . . . . . . . . . . . . . . . . . . . . . . 22

**VI.**  **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## I.  INTRODUCTION AND BACKGROUND

### A.  The Petitioner's Criminal Proceedings[1]

Robert Mathison, Sr., was charged with conspiring to distribute and possess with intent to distribute one thousand kilograms or more of marijuana, cocaine, methamphetamine, and anabolic steroids, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 and conspiring to launder money, in violation of 18 U.S.C. § 1956(h).  Trial in this case commenced on November 6, 2006.  On November 15, 2006, the jury acquitted the Mathison on the money laundering charge but found him guilty with respect to the drug conspiracy charge.  On December 8, 2006, Mathison filed his Motion for a New Trial (docket no. 386).  This court denied the motion on January 5, 2007, *see* docket no. 402, and sentenced Mathison to the mandatory minimum 60 months of imprisonment on March 1, 2007.  *See* docket no. 449.  Mathison did not appeal his conviction or sentence.

---

[1]  Mathison's criminal case number is CR06-4030-5-MWB, and docket entries cited under this section are associated with this criminal case number.

## B. The Petitioner's § 2255 Motion[2]

On March 4, 2008, Mathison filed his Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody, along with a memorandum in support (docket no. 1). On April 7, 2008, this court set a briefing schedule, requiring both Mathison and Respondent United States of America to file briefs in support of their positions regarding Mathison's motion (docket no. 2). Mathison filed his Brief in Support of Petitioner's Motion to Vacate Sentence and Judgment Pursuant to Title 28 U.S.C. § 2255 on June 11, 2008 (docket no. 7). On June 13, 2008, Mathison supplemented his brief with a brief that was identical to his previous brief, except for the addition of a notary seal. On July 3, 2008, Mathison filed his Amended Brief in Support of Petitioner's Motion to Vacate Sentence and Judgment Pursuant to Title 28 U.S.C. § 2255 (docket no. 9)—the court will consider this most recent brief when deciding Mathison's motion.

On September 18, 2008, the respondent filed its Court Ordered Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (docket no. 12). The respondent supplemented its response on October 17, 2008, with Government's Supplement to its Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (docket no. 13). Attached to the supplement was an affidavit from Mathison's counsel (docket no. 13-2).

Mathison filed two reply briefs, on October 22, 2008, and November 7, 2008 (docket nos. 14 and 15). The court will address Mathison's arguments in the second reply brief, Petitioner's Reply to Government's Brief (docket no. 15).

---

[2] Mathison's § 2255 motion is case number C08-4020-MWB, and the docket entries cited under this section are associated with this civil case number.

On November 11, 2008, Mathison filed his Motion to Strike Affidavit and Grant § 2255 Petition (docket no. 16). Mathison claims that his counsel's affidavit, filed by the respondent on October 17, 2008, should be stricken because it is not dated, not sworn to before a notary public, and not filed in a timely manner. The respondent did not file a response to this motion to strike.

## II. MOTION TO STRIKE

On November 11, 2008, Mathison filed his Motion to Strike Affidavit and Grant § 2255 Petition (docket no. 16). First, Mathison claims that his counsel's affidavit should be stricken because it is not dated. The affidavit states that his counsel signed the affidavit in October 2008, but the affidavit does not mention the day in October that it was signed. Second, Mathison alleges that the affiant did not swear to the affidavit before a notary public. The court notes that the affidavit was not notarized. Third, Mathison argues that the affidavit was not timely filed. The respondent's request to extend the deadline to file its Response was granted by this court—the deadline was extended to September 19, 2008. The respondent's Response was timely, as it was filed on September 18, 2008. However, the respondent supplemented its response on October 17, 2008, in order to provide the court with Mathison's counsel's affidavit.

Although the court recognizes the affidavit's deficiencies, the court denies Mathison's motion to strike the affidavit. The court does not believe the deficiencies call into question the authenticity of the affidavit and concludes that Mathison was not prejudiced by such deficiencies. However, the court notes that the factual assertions in the affidavit will not be given more weight than conflicting assertions made by Mathison, absent other evidence, in this case.

### III. EVIDENTIARY HEARING

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 18 U.S.C. § 2255. *See also Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) ("A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'") (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). Based on the reasons set forth below, the court finds that the record conclusively shows that Mathison is entitled to no relief and will, therefore, not hold a hearing in this case. *See id.*

### IV. LEGAL ANALYSIS

All of Mathison's grounds for relief are for ineffective assistance of counsel—alleged violations of the Sixth Amendment to the United States Constitution, which provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. AMEND. VI. The general standards related to claims of ineffective assistance of counsel in § 2255 motions are well settled:

> "[P]ost-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense."

*United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

Mathison asserts six grounds under which his counsel was allegedly ineffective. He faults his counsel for failing to: (1) challenge the drug quantity in the indictment and Presentence Investigation Report ("PSIR")—and generally failing to challenge the indictment with pretrial motions; (2) properly cross-examine witnesses at trial; (3) properly consult Mathison concerning appeal of his conviction; (4) object to factual discrepancies and mistakes in the PSIR; (5) act professionally at trial; and (6) protect Mathison's property from forfeiture.

## A. *Drug Quantity in Indictment and PSIR*

### 1. *Arguments of the parties*

Mathison claims that his counsel was ineffective for failing to challenge the Second Superceding Indictment, including its asserted drug quantity, and the drug quantity in the PSIR. According to Mathison, the drug quantity in the Second Superceding Indictment was "stipulated" to, rather than objected to, by counsel and should have been challenged in a "brief or motion for production of evidence at an evidentiary hearing." Docket no. 9. Failing to challenge these amounts allowed the "government to assign an unchallenged estimate of marijuana—variously stated in the Presentence Report as 'at least 100

kilograms' and 'at least 110 kilograms.'" *Id.* Mathison claims he was prejudiced by counsel's actions because a lower drug quantity would have provided a maximum sentence of five years, rather than the mandatory minimum five year sentence he received.

The respondent argues that Mathison fails to explain how a successful attack of the indictment or drug quantity could have been made prior to the trial. Although the respondent admits that Mathison's counsel could have moved to suppress drug evidence or to dismiss the indictment for error, the respondent alleges that there were no grounds to do so in this case. Concerning the drug quantity in the PSIR, the respondent claims that this was the drug quantity found by the jury and, therefore, it was binding upon the court.

In Mathison's reply brief, he argues that the prosecution did not have any marijuana connected to Mathison. In addition, Mathison argues that the "fact that a stipulated amount of marijuana was mentioned in the petitioner's PSIR should not give it validity." Docket no. 15.

### 2. *Analysis*

Mathison argues that his counsel should have challenged the prosecution's drug quantity alleged in his Second Superceding Indictment, or otherwise challenged the Second Superceding Indictment through pretrial motions. *See* docket no. 9; *see also* docket no. 185 (Second Superceding Indictment). Although Mathison identifies means that his counsel could have employed to challenge the Second Superceding Indictment and suppress evidence, Mathison does not provide the court with a basis for dismissing the indictment or suppressing any evidence that would cause this court to find that there is a reasonable probability that such efforts would have been successful. *See United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (To overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors,

the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'") (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Mathison also claims that the drug quantity listed on the PSIR should have been challenged. However, and as the respondent argues, the drug quantity in the PSIR was determined by the jury. *See* docket no. 358 (Jury Verdict); docket no. 455 (PSIR), ¶ 18. Therefore, the court fails to see how Mathison's counsel was ineffective for allegedly stipulating to, and failing to challenge drug quantity in the PSIR, when the drug quantity was determined by the jury—Mathison does not provide grounds, in addition to the below grounds, to challenge the jury verdict.

For these reasons, the court will not grant Mathison's motion on the ground that his counsel failed to challenge the Second Superceding Indictment or the drug quantity amount in it or the PSIR.

## B. Cross-Examination of Witnesses

### 1. Arguments of the parties

Mathison claims that his counsel failed to properly challenge the testimony of prosecution witnesses Jennifer Urben-Potratz and Constantine Klimiades. Mathison argues that his counsel failed to expose the witnesses' motives related to jealousy and revenge. Additionally, Mathison claims that the witnesses were "promised" a reduced sentence in exchange for their testimony, which his attorney also should have exposed. According to Mathison, neither witness could confirm that Mathison ever possessed any marijuana, as they never actually saw him with marijuana—Mathison claims that his counsel did not act on this information, until he filed his objections to the PSIR. Specifically concerning Urben-Potratz, Mathison claims that she admitted that she was "so badly messed up on

drugs" during the time frame she testified about seeing Mathison that she could not remember where she allegedly saw him. Despite this admission, Mathison claims Urben-Potratz was allowed to testify that she remembered seeing Mathison in El Paso, Texas. To the contrary, Mathison claims that Urben-Potratz could not remember when or where she saw him. Mathison also alleges that, during trial, he repeatedly urged his counsel to pursue a more assertive line of questioning with these witnesses.

The respondent claims that Mathison fails to show that his counsel's cross-examination was deficient. First, the respondent argues that the jury was made aware of the witnesses' status as cooperating witnesses and that counsel could not expose that the witnesses were "promised" a lesser sentence because they were not given such a guarantee. Second, the respondent claims that any jealousy or revenge that may have motivated the witnesses was exposed by Mathison's counsel and Mathison's son's counsel during trial. Third, the respondent alleges that Mathison's counsel elicited testimony from Urben-Potratz that she was a drug user during the time frame about which she was testifying and that she did not remember the state, city, month, or date when she saw Mathison in possession of marijuana.

In Mathison's reply, he claims—in response to the respondent's claim that witnesses are not promised a reduced sentence—that witnesses are motivated to "cooperate" because they want a reduced sentence. Mathison also voices his displeasure with the jury finding him guilty, considering neither of the above-mentioned witnesses could state under oath that they had seen him with marijuana.

### 2. *Analysis*

Mathison claims that his counsel was ineffective for failing to properly challenge the testimony of witnesses Urben-Potratz and Klimiades at trial. However, Mathison fails to show that he was prejudiced by any of these alleged omissions from his counsel's cross-

examination.  Not only did his counsel discuss many of the issues Mathison alleges were neglected, but if his counsel did not discuss a certain issue then either the prosecutor or defense counsel for a co-defendant had sufficiently exposed what Mathison claims should have been exposed.

First, Mathison claims that his counsel failed to expose the witnesses' motivation behind their decision to testify—to get a reduced sentence.  However, Urben-Potratz admitted, in response to the question, "[w]hat's in it for you?:" "Hopefully time taken off my sentence."  Trial Transcript, Testimony of Jennifer Urben-Potratz, p. 3.  In addition, counsel for a co-defendant had this exchange with Urben-Potratz:

Q. How long are you presently serving on your sentence?

A. Ten years.

Q. Now, did you receive any motions at your sentencing for downward departure from the government?

A. No, I didn't.

Q. You've actually got that issue up on appeal, don't you?

A. Yes, I do.

Q. You were pretty upset that—I think you wanted a continuance that day, didn't you, so you could continue to do work?

A. Correct.

Q. So you're not very happy that you haven't received anything for your testimony; right?

A. Not very happy?  Well—

Q. It's not pleasing to know that you have 108 months; right?

A. Right.

Q. When did you give birth to your child?

A.    October 3, 2005.

Q.    How far was that before your sentencing?

A.    Three and a half months.

Q.    So you want to get back to that child, don't you?

A.    Yes, I do.

Q.    So you're willing—you're doing whatever you can to try to get that sentence reduced, aren't you?

A.    I'm doing what I need to do.

Q.    And it's whatever you can do; right?

A.    Right.

*Id.* at pp. 60-61. Similarly, Klimiades was asked "[w]hy did you agree to cooperate with the government?" Trial Transcript, Testimony of Constantine Klimiades, p. 11. Klimiades stated, "[h]opefully to get a better sentence." *Id.* Klimiades then explained that he wanted to get out of prison in order to raise his two children. *See id.* Mathison has failed to show that he was prejudiced by any failure of his counsel to discuss the witnesses' cooperation agreements, as both witnesses clearly admitted that they were testifying in order to attempt to receive a reduced sentence.

Second, Mathison claims that his counsel failed to expose the witnesses' motivations related to jealousy and revenge. However, Mathison's counsel attempted to explore the relationship between the two witnesses, in detail, but both witnesses testified that no such relationship existed—no relationship that would infer a motive to testify based on jealousy or revenge. *See* Trial Transcript, Testimony of Jennifer Urben-Potratz, pp. 67-69. In addition, counsel for a co-defendant also explored the issue with Urben-Potratz. *See id.*, pp. 62-63. The same co-defendant's counsel explored the issue with Klimiades, as well. *See* Trial Transcript, Testimony of Constantine Klimiades, p. 33. Mathison's counsel, and

counsel for a co-defendant, explored the possibility that the witness might be testifying due to jealousy or revenge in their cross examinations, and Mathison's allegations to the contrary are inconsistent with the record.

Third, Mathison claims that his counsel failed to challenge the witnesses' statements regarding Mathison's presence in El Paso. Mathison's counsel, however, discussed Urben-Potratz's testimony related to Mathison's presence in El Paso, and her observations of him, and his wife, on cross-examination. In response to Mathison's counsel's questions, Urben-Potratz admitted that she did not remember where or when she saw Mathison—Urben-Potratz admitted that she did not know the state or city, or the day or month, that she allegedly witnessed Mathison in possession of drugs. *See* Trial Transcript, Testimony of Jennifer Urben-Potratz, pp. 64-67. In addition, Mathison's counsel had the following exchange with Klimiades:

> Q. I represent Robert Mathison Senior. You had testified that my client and his wife were down in El Paso waiting to transport drugs. Did you ever see him transport drugs?
>
> A. As in driving the car?
>
> Q. I'm sorry?
>
> A. What do you mean?
>
> Q. Did you ever see him transport drugs?
>
> A. No, not officially seeing them.
>
> Q. So you never officially seen them.
>
> A. I've seen them. I've never seen them driving the car.
>
> Q. You've seen them, but you've never seen them transport drugs.
>
> A. No.

Q.     So you've just seen Mr. Mathison and his wife down in El Paso; is that right?

A.     Yes.

Q.     Two to three times?

A.     Yes.

Trial Transcript, Testimony of Constantine Klimiades, pp. 36-37.     On re-cross examination, Mathison's counsel again discussed whether Klimiades had directly witnessed Mathison with drugs:

Q.     Okay.  You indicated that someplace between . . . El Paso and Sioux City you had seen some suitcases unloaded or unloaded suitcases.  What was it?  You seen some suitcases?  Is that what you're saying?

A.     Yes.

Q.     Okay.  What kind of suitcases were they?

A.     I believe there was two suitcases and a couple duffle bags.  I'm not quite sure.

Q.     And you saw these outside of a hotel room?

A.     Inside a hotel room.

Q.     Inside a hotel room?

A.     Yes.

Q.     Were those suitcases—those suitcases were closed; is that right?

A.     Yes.

Q.     Did you see what was put into those suitcases?

A.     No.

*Id.* at p. 40. Again, the record is inconsistent with Mathison's claim that his counsel failed to challenge the witnesses' statements regarding his presence in El Paso and whether the witnesses actually saw him with drugs.

Mathison has alleged that his counsel failed to sufficiently challenge Urben-Potratz's and Klimiades's testimony at trial. However, the record shows that either Mathison's counsel did challenge the testimony or another attorney had already sufficiently challenged it in all the respects Mathison claims are deficient. Insofar as Mathison's attorney failed to elicit the testimony, but another attorney elicited the testimony, the court finds that Mathison was not prejudiced. Therefore, the court will not grant Mathison's motion on the ground that his counsel was ineffective for failing to sufficiently challenge these witnesses' testimony at trial.

### C. Consultation Concerning an Appeal

### 1. Arguments of the parties

Mathison claims that his counsel did not properly consult with him about filing an appeal. In fact, Mathison claims that his counsel dissuaded him from filing an appeal. According to Mathison, his counsel stated after the verdict: "You don't want to appeal this conviction do you?" Mathison claims that this statement demonstrated his counsel's refusal to provide further advocacy for his client's case. In addition, Mathison claims that he never signed an appeal waiver.

The respondent claims that Mathison's motion should not be granted on this ground because he has failed to even make the bare assertion that he instructed his attorney to file the notice of appeal. Docket no. 12 (citing *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002)).

Mathison, in his reply, states his belief that his counsel was not as competent as the prosecutor in this case. Mathison also claims that he did ask for his counsel to "pursue whatever remedies might be available to contest his conviction." Docket no. 15. According to Mathison, his counsel filed a Notice of Appeal, but it was filed in an untimely manner and this court denied the motion on that basis.

### 2. Analysis

Mathison claims that he was dissuaded from filing an appeal, in his initial brief. However, in his reply brief, Mathison claims that he asked his counsel to "pursue whatever remedies might be available to contest his conviction." Docket no. 15. These two claims are inconsistent. After Mathison's claim that he was dissuaded from filing an appeal, the respondent filed its response, citing the Eighth Circuit Court of Appeals's guidance in *Yadprasit*:

> A "counsel's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of section 2255." *Estes v. United States*, 883 F.2d 645, 648 (8th Cir.1989) (citations omitted). A showing of actual prejudice is not necessary. *Barger* [*v. United States*], 204 F.3d [1180,] 1182 (citing *Holloway v. United States*, 960 F.2d 1348, 1356-57 (8th Cir.1992)). Nevertheless, for a petitioner to succeed, he must show that he made his desire to appeal evident to his attorney. *See Barger*, 204 F.3d at 1182. "A bare assertion by the petitioner that [he] made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." *Id.* (citation omitted).

*Yodprasit*, 294 F.3d at 969. Although Mathison's counsel denied that Mathison ever asked him to appeal the case, *see* docket no. 13-2 (counsel's affidavit) (" . . . I do not recall the exact words that I used. I asked him if he wanted me to file an appeal and he responded in the negative."), the court finds it unnecessary to determine the relative credibility of

each party's statements at an evidentiary hearing, or otherwise. Instead, the court discredits Mathison's subsequent statement that he asked his counsel to "pursue whatever remedies might be available to contest his conviction," docket no. 15, due to its inconsistency with his prior statement that he was dissuaded from asking his counsel to pursue an appeal and the timing of the allegation that he asked to appeal his case—Mathison's claim that he asked his counsel to "pursue whatever remedies might be available to contest his conviction," docket no. 15, was asserted after he was made aware of the standard in *Yodprasit*.

Although the court finds that Mathison did not ask his counsel to appeal, Mathison's counsel might not have adequately consulted with him concerning his right to appeal. The United States Supreme Court has explained that, "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 1038 (U.S. 2000). Mathison has failed to show that he would have appealed his case had counsel appropriately consulted with him about an appeal. Although Mathison has stated that he wanted counsel to contest his conviction, this is merely a conclusory allegation. In other words, Mathison has not stated any grounds on which he would appeal if he were given the opportunity and he has not identified other evidence that leads this court to believe he would have appealed, even had his counsel provided proper consultation—the court assumes, *arguendo*, that counsel failed to properly consult Mathison concerning an appeal. For these reasons, the court will not grant Mathison's motion on the ground that his counsel failed to follow his request to appeal or failed to properly consult with him concerning his right to appeal.

### D.  Factual Discrepancies in the PSIR

#### 1.  Arguments of the parties

Mathison alleges that his counsel was ineffective for failing to object to two inaccuracies in his PSIR.  First, Mathison claims that the following statement is not true: "the defendant distributed an anabolic steroid to an athlete."  Docket no. 9.  Second, Mathison argues that his criminal history points were incorrectly calculated, which caused him to fail to be safety valve eligible.  Mathison claims that his sentence for Third Degree Illegal Gambling should not be scored because it occurred more than ten years ago and that both the gambling conviction and his conviction for Fourth Degree Theft should not be scored because the sentences were suspended.

The respondent claims that Mathison was not safety valve eligible under 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2 because he had two criminal history points and failed to provide the prosecution with all of the information and evidence Mathison had concerning the offense.

In Mathison's reply, he argues that his counsel was ineffective for failing to properly consult with him about the PSIR—this failure to consult caused his attorney to improperly fail to object to his miscalculated criminal history score.  According to Mathison, he should have been scored only one criminal history point.

#### 2.  Analysis

Mathison alleges his counsel was ineffective, concerning the PSIR, for two basic reasons:  counsel failed to object to the inclusion of a statement about dealing anabolic steroids and failed to object to one of Mathison's two criminal history points.  Because Mathison was sentenced in accordance with a five year mandatory minimum, the anabolic steroid statement could only prejudice him if he is also able to show that the five year

mandatory minimum should have been inapplicable. Mathison tries to attack the five year mandatory minimum by claiming his criminal history score was incorrect.

In order to be safety valve eligible under U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f), a defendant must meet certain conditions, set forth in § 5C1.2(a)(1)-(5) and § 3553(f)(1)-(5). Section 5C1.2(a)(1) requires that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category)." U.S.S.G. § 5C1.2(a)(1); *see also* 18 U.S.C. § 3553(f)(1) ("the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines"). Section 5C1.2(a)(5) demands that:

> [N]ot later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a)(5); 18 U.S.C. § 3553(f)(5) (same).

The court will, first, analyze whether Mathison was properly scored two criminal history points. One point was scored for a conviction for Third Degree Illegal Gambling, which occurred in 1995. *See* docket no. 455 (PSIR), ¶ 37. Although Mathison's two year sentence was totally suspended, this fact does not prevent the sentence from being counted. *See* U.S.S.G. § 4A1.2(a)(3) ("A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c)."). The same rule applies to Mathison's 1997 conviction for Fourth Degree

Theft, which involved a thirty day sentence, which was totally suspended. *See* docket no. 455, ¶ 38.

Mathison also claims that his 1995 sentence was too old to be counted. The sentencing guidelines provide that prior sentences of one year and one month, or less, are counted under a defendant's criminal history score when the "prior sentence . . . was imposed within ten years of the defendant's commencement of the instant offense. . . ." U.S.S.G. § 4A1.2(e)(2). Mathison is correct in stating that his conviction was more than ten years prior to his sentencing, but the sentencing guideline requires ten years before the "commencement of the instant offense." *Id.* Since Mathison was convicted of taking part in a conspiracy that began in 2001, *see* docket no. 353 (jury instructions), the 1995 sentence was not too old to count. The court fails to see how either of the points were improperly counted.

Even if Mathison had only one criminal history point, as he alleges, the record does not support his allegation that he "truthfully provide[d] to the Government all information and evidence the [he had] concerning the offense." U.S.S.G. § 5C1.2(a)(5). The respondent alleges that Mathison did not provide this information to the prosecution prior to his sentencing, and neither the PSIR nor the rest of the record support the proposition that the defendant disclosed all of the information that he had concerning the case.

Mathison's claim that he should have been safety valve eligible is inconsistent with the evidence in the record. Absent a showing that Mathison was safety valve eligible, or otherwise not subject to the five year mandatory minimum, the court finds that Mathison was not prejudiced by any reference to anabolic steroids in the PSIR. Thus, Mathison's motion will not be granted on the ground that his counsel was ineffective for failing to challenge these aspects of the PSIR.

### E.  Behavior at Trial

#### 1.      Arguments of the parties

Mathison also alleges that his counsel was ineffective for other behavior at trial. First, Mathison claims that his counsel "warmly embrac[ed]" the prosecutor's wife at trial, which he believes shows his counsel had a conflict of interest.  Second, Mathison claims that his attorney continually arrived in court late.

The respondent claims that, even if Mathison's accusations are true, they do not amount to ineffective assistance of counsel.

In Mathison's reply, he states that he "directly observed his counsel warmly embracing the wife of the prosecutor for this case in open court."  Docket no. 15. According to Mathison, "this kind of behavior falls short of expected professional standards."  *Id*.  Mathison also claims that his counsel was fined by the court for continually arriving in court late.

#### 2.      Analysis

Mathison claims that his counsel's warm embrace of the prosecutor's wife evidenced a conflict of interest.  To show a conflict of interest, when the court has not previously been made aware of the potential conflict, the petitioner "must show that defense counsel actively represented conflicting interests, and this conflict adversely affected his lawyer's performance."  *Caban v. United States*, 281 F.3d 778, 781 (8th Cir. 2002).  The evidence and argument Mathison provides in support of his claim falls far short of this standard. Mathison completely fails to identify how his lawyer's performance was affected, even if this court were to find that such contact with the prosecutor's wife evidenced a conflicting interest.

Mathison also argues that his counsel was ineffective for arriving to court late. Mathison has failed to specify how he was prejudiced due to his counsel's tardiness, and

the court does not identify any prejudice. The court will not grant Mathison's motion based his claims that his counsel's behavior at trial was unprofessional.

## F.  Forfeiture of Assets

### 1.  Arguments of the Parties

Mathison argues that his counsel was ineffective for failing to prevent the forfeiture of his vehicle. The respondent alleges that this claim is not a proper grounds for relief under § 2255 because Mathison's criminal counsel did not represent Mathison for the forfeiture. In reply, Mathison claims that his counsel "was given a fiduciary trust, to ensure that his automobile—which had been improperly subjected to forfeiture proceeding in this case—was not lost." *Id*. Mathison claims that his counsel admitted that he "dropped the ball" by failing to timely file opposition to the forfeiture.

### 2.  Analysis

Mathison claims that his vehicle was forfeited due to his counsel's failure to file a timely challenge to its forfeiture. The Eighth Circuit Court of Appeals has found that § 2255 "affords relief only to prisoners claiming a right to be released from custody." *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir. 2003); *see also Soldier v. United States*, 2009 WL 2516185, *2 (D.N.D., August 14, 2009) ("In *United States v. Bernard*, 351 F.3d 360, 361 (8th Cir.2003), the Eighth Circuit [held] that 28 U.S.C. § 2255 applies only to prisoners claiming a right to be released from custody, not prisoners challenging restitution or other financial orders related to their criminal sentence."). The court finds that Mathison's claim of ineffective assistance of counsel concerning the forfeiture of property in this case is not cognizable under § 2255, and the court will not grant Mathison's motion on this ground.

## V. CERTIFICATE OF APPEALABILITY

Denial of Mathison's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claim. The requirement of a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from: (B) the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Mathison has not made a substantial showing of the denial of a constitutional right on his § 2255 claim. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Mathison's claim debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any

court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Mathison does not make the requisite showing to satisfy § 2253(c) on his claim for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

## VI.  CONCLUSION

THEREFORE, petitioner Robert Mathison, Sr.'s Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody (docket no. 1) is **denied in its entirety**. Mathison's Motion to Strike Affidavit and Grant § 2255 Petition (docket no. 16) is also **denied in its entirety**. An evidentiary hearing will not be held in this case. This case is **dismissed in its entirety**, and the court will issue no certificate of appealability for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 27th day of October, 2009.

Mark W. Bennett
_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA